UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA    CASE NO.3:17-cr-00186-BJD-JRK

v.

NEIL ANDRE BUTLER

## MOTION TO DISMISS

I, Neo Ben Yisra El, beneficiary, a natural person in propria personam, entitlement holder of Butler, Neil Andre' Estate Dba NEIL ANDRE BUTLER®™ motion to dismiss case # 3:17-cr-00186-BJD-JRK for lack of jurisdiction under [FRCP Rule 12(3)(A)(v) an error in the grand-jury proceeding].

### INTRODUCTION

This proposal underscores some of my concerns about this prosecution. I suggest the court to inspect the grand jury minutes and upon that inspection to dismiss the indictment based on the legal insufficiency of the evidence before the grand jury.

### USE OF HEARSAY TESTIMONY

I submit that Acting United States Attorney W. Stephen Muldrow's use of hearsay testimony during the grand jury proceedings was improper. This allegation is upon the assumption that Federal Bureau of Investigation Special Agent Thomas J.

Simon was the sole witness at the grand jury and his testimony was not entirely based on first hand knowledge. While the Federal Rules of Evidence do not apply in proceedings before grand juries, a grand jury, however, must not be misled into thinking that it is getting eyewitness testimony when it is actually receiving second hand testimony.

## ARGUMENT

Here, no authenticated certificate of business records had been filed. That which purport to be business records contained only a blank form of a certificate of authentication, without the seal of the corporation or the signature of its custodian of records, without which the court have no jurisdiction of the case. Which begs the question:

> *MAY A DEFENDANT BE REQUIRED TO STAND TRIAL AND A CONVICTION BE SUSTAINED WHERE ONLY A BLANK FORM OF A CERTIFICATE OF AUTHENTICATION WAS PRESENTED TO THE GRAND JURY WHICH INDICTED HIM.*

Moreover, it is not denied that my concern is not with the role of hearsay evidence in the grand jury hearing, but with the established fact that the sole witness who testified before the grand jury was unable to provide any "relevant information." A grand jury that has been presented only with a "witness" who is a stranger to the event and can tell the inquest nothing about it is no different from one that has heard no witness at all. The most we may surmise is that the special agent assigned

to this case served only the limited purpose of consigning the Acting United States Attorney's file to the grand jury and thereupon left the room. This is not, it seems to me, the correct procedure nor is it a futile thing. As Judge Learned Hand said in [Costello v. United States, 350 U.S. 359, 76 S. Ct. 406, 100 L. Ed. 397 (1956):

"We should be the first to agree that, if it appeared that no evidence had been offered that rationally established the facts, the indictment ought to be quashed; because then the grand jury would have in substance abdicated." (221 F.2d, at p. 677)]

Here, by failing to receive evidence in support of the charge the grand jury abdicated its responsibilities and the indictment was returned in disregard of defendants valuable right not to be held to answer for a criminal offense unless on the presentment or indictment of a grand jury which effectually stood between him and the Government.[ Hale v. Henkel, 201 U.S. 43, 59, 26 S. Ct. 370, 50 L. Ed. 652 (1906)]. I agree with Judge Learned Hand that the indictment ought to be quashed, because the grand jury would have in substance abdicated. Therefore, two motions are now accordingly made, the first to dismiss on the basis that no evidence had been offered to the grand jury that rationally established the facts, without which the court lack jurisdiction of the case. A MOTION TO DISMISS must be allowed. The second, to strike from the record certain inadmissible evidence returned on the basis that no authenticated certificate of business records

had been filed. Also, it is interesting to note that I did not receive advance notice about the certification. [FRE 902(11)] provides for self-authentication of certified business records in lieu of trial testimony by a custodian of records or other qualified witness. To obtain the benefits of the rule, [FRE 902(11)] requires advance written notice of the intent to introduce business records without a custodian of records witness or other witness familiar with the records if the records are accompanied "by certification that complies with [Rule 902(11), Rule 902(12)], or a statute permitting certification."

*See* [ACN (2000) ("The notice requirements in Rules 902(11) and (12) are intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the certification.")].

A Fifth Circuit case involved the application of the advance notice requirement. The case involved the prosecution of several pharmacists for conspiring to and distributing pain management controlled substances (hydrocodone and promethazine) by using false prescriptions written by doctors. At trial, two defendants sought to admit pharmacy business records from their computer system, under [FRE 803(6)], to show that the challenged prescriptions represented a small portion of their business and therefore "they had no economic incentive to join the drug conspiracy" and did not know the prescriptions were unlawful. [Brown, 553 F.3d at 793].

Instead of a custodian of the business records, the defendants tried to offer an expert to establish a foundation for the records. While the expert was familiar with the software program used to maintain records, he lacked familiarity with the record keeping procedures for the records in the case. Neither the defendants nor the mother of one of the defendants could testify about the records due to potential Fifth Amendment issues. Finally, the defendant tried to use the certification process under [FRE 902(11)]. The government noted that it did not receive advance notice about the certification, and the trial court agreed. After the defendants were convicted by the jury, on appeal they challenged the exclusion of the business records. The Fifth Circuit affirmed the exclusion of the business records. The expert was not a qualified witness to establish the business record foundation. As the circuit noted, "He knew about the pharmacy computer system, how to operate the system, and how to extract information from it, but that is not knowledge about the pharmacy's record keeping." [Brown, 553 F.3d at 793].
The Fifth Circuit agreed that the affidavit was untimely:
The notice requirements of [Rule 902(11)] are in place precisely to ensure that evidence to be accompanied by an affidavit can be vetted for objection or impeachment in advance. In this case, while the exhibits in question were available in advance, the way in which the evidence was to be introduced forms part of the necessary notice and understandably gave the government pause at trial. The government quickly discovered a few small discrepancies amidst vast numbers of pages in the proffered exhibits, and accordingly, it objected to their being admitted as business records via an untimely affidavit. Contrary to [defendants] Wiley and Essett's assertions, this goes not just to weight but to admissibility, as the lower

court determined. [Brown, 553 F.3d at 793].

WHEREFORE, I pray that the Court quash the indictment and order it dismissed.

                         By: Special Restricted Appearance
                             Neo ben Yisra El Beneficiary of
                             Butler, Neil Andre' Estate
                             Dba NEIL ANDRE BUTLER
                             *Butler, Neil A.* [signature]
                             All Rights Reserved
                             Without Prejudice
                             Without The US

Certificate of Service To:
MICHAEL J. COOLICAN
Assistant United States Attorney