UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED
2018 JUN 29 PM 3:31
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE # 3:17-cr-00186-BJD-JRK |
| | ) | |
| V. | ) | Notice of Appearance |
| | ) | |
| | ) | |
| NEIL ANDRE BUTLER | ) | Notice of Subrogation |
| | ) | |
| Defendant | ) | |

**Notice of Special Appearance**
**Notice of Subrogation**

I, Neo Ben Yisra El, beneficiary, a natural person in propria personam,

entitlement holder of Butler, Neil Andre' Estate Dba NEIL ANDRE BUTLER®™ being the

individual referenced in the case above is appearing, by special appearance only, and not

generally, only for the purpose of a demur to enter this Notice of Subrogation to demand the prosecution

to settle any lawful claims using my right to subrogation.

I respectfully require the court to take Notice of my proper appearance and

requirements to proceed as a natural man/ person. I also respectfully do not consent to proceed

with matters involving this case until this motion is heard. I can only appear in the capacity as a man and

as beneficial entitlement holder of Butler, Neil Andre' Est. NEIL ANDRE BUTLER named in this matter.

I hereby notice the court they are appointed as trustee, to settle and set off any charges /claims brought

forth by the Plaintiff. With all due respect to the court, and in the name of due process, I require my rights

to be protected. I further require the prosecutor to certify my right to subrogation in writing upon receipt

of this notice, and use the securities that are being generated on this matter to do so if necessary. This is applicable whether civil or criminal if no damaged party is legitimately present and testifying as a first hand witness that has suffered harm, as I am able to face my accuser in that event.

The prosecutor created the bond in my name using ALL capital letters, all of which I have a claim to. I am exercising my right of subrogation on the bond. Please use the bond to settle the charges or debt. As subrogee I am entitled to all the creditor's rights, privileges, priorities, remedies and judgments.

I further require disclosure of any bonds and securities brought by the prosecutor, so they can indemnify me if I am harmed. Please provide the prosecutor's bond and insurance claim information upon receipt, or any party interfering with such right shall be held liable personally. I further require production of any contracts which provide evidence of a known duty I have to the mentioned code in case # 3:17-cr-00186-BJD-JRK.

If there is a man or woman who can make a claim and will testify with first hand knowledge of the harm I have caused them, let them come forth and make the claim of a tort against me, or there does not exist actual damage by contract or physical harm. I have no knowledge of a contract indicating I have a duty to adhere to it. If there is no corpus delicti with proof of harm, or contract originator, who will testify under oath as to their damages, this matter must be dismissed on those reasons alone, or otherwise the court would be involved in barratry and violation of my rights, and I believe this court is also deprived of Article 3 standing to proceed, thus causing more harm to me if it does proceed.

I require the opportunity to settle the matter with my brother privately if in fact a true contractual or physical harm has occurred.

See exhibit A. Scoop on Subrogation

Respectfully submitted for consideration and granted relief and remedy.

>By: Special Restricted Appearance
>Neo Ben Yisra El Beneficiary of
>Butler Neil Andre˙ Estate
>Dba NEIL ANDRE BUTLER®™
>_____
>All Rights Reserved
>Without Prejudice
>Without The US

Certificate of Service To:
MICHAEL J. COOLICAN
Assistant United States Attorney

# The Scoop on Subrogation
## "White Paper"
### Found in Google Books

"Subrogation is an ancient equitable right that permits a surety to stand in the shoes of any bond beneficiary that the surety pays and assert all of the the beneficiary's rights against the debtor (principal obligor) to assist the surety in recovering its loss from the debtor. Thus, if the bond beneficiary holds collateral and the surety pays the beneficiary's claim, the surety is entitled to be subrogated to its collateral position." [Section 509 of the Bankruptcy Code guaranties the surety's subrogation right.]

*THE MOST IMPORTANT QUESTIONS A SURETY CAN ASK ABOUT BANKRUPTCY*
by Deborah S. Griffin & Doreen Spadorcia

---

"The nature of subrogation to the rights of the mortgagee: The primary meaning of "subrogation" is the act of putting one person in the place of another, or the substitution of another person in the place of the creditor, to whose rights he succeeds in relation to the debt. Formerly the right of subrogation was limited to transactions between principals and sureties, as, when a surety paid the debt of his principal to the creditor, the surety was entitled to have the full benefit of all mortgages or collateral securities for the debt, both of a legal and equitable nature. It has always been held that a party who, on his own motion, discharges the debt of another, without any agreement with either the debtor or creditor in relation to how he shall be reimbursed, is regarded as a mere volunteer, or, as some of the cases express it, an intermeddler, and is not entitled to the benefit of the mortgage or collateral security held by the creditor."

*REPORTS OF CASES IN LAW AND EQUITY DETERMINED IN THE SUPREME COURT VOLUME 89*
by: Iowa Supreme Court

---

"The surety upon payment of the debt might have recourse against his principal, either as standing in the place of the creditor and exercising his right, or on his own account. The former of these powers (which was often very important in retaining a priority of hypothecation,) could only be preserved by requiring a subrogation, or assignment of action at the time of payment. The second was a common action, analogous to our action for money paid by the plaintiff for the use of the defendant; the circumstances which are requisite to maintain this action are fully stated. In some cases the surety had a right to compel payment by the principal before he was himself proceeded against." [Excerpt 1]

"The debtor *in solido*, who pays the whole, may avoid absolutely extinguishing the debt, except as to the part for which he is liable of his own account, without having any remedy over. vi *anti* No. 264. He has a right to the cession of the actions of the creditor against the other debtors; and by this cession of actions he is considered in some degree as purchasing the right of the creditor. *Creditor non in soluium accepit, sed quodam modo nomen creditor is venditit/ l. 36. Ff. De Fidej.*
The creditor cannot refuse this subrogation or cession of actions, to the debtor who pays the whole; but if he has incapacitated himself from ceding them against any one, he has so far given up his right of solidity." [Excerpt 2]

"When the debtor. By the *act* [or written instrument] of payment, requires a subrogation, though the creditor expressly refuses it, the debtor, according to our usage is, nevertheless, entitled to enjoy it without being under the necessity of instituting any process to compel the creditor to grant it: the law in this case supplies what the creditor ought to have done and gives the debtor who requires it, a subrogation to all the rights and actions of the creditor. Suppose the debtor had paid without requiring subrogation?



> He could not afterwards be subrogated to the actions of the creditor; for the pure and simple payment which he had made, having entirely extinguished the credit and all the rights and actions resulting from it, that credit cannot afterwards be ceded which does not any longer exist. *Si post soluium sine ullo pacto, omne quod ex causu lutelz debeiur, actiones post aliquot intervallum cesse sint, nihil eu ceasione actum, cum nulla actio superfuit. l 76. ff. De Solut.*" [Excerpt 3]
>
> "After the surety has paid, if he has paid, if he has procured a subrogation to the rights and actions of the creditor, he may exercise them against the debtor, as the creditor himself might have done: if he has neglected to acquire this subrogation, he has still in his own right an action against the principal debtor, to reimburse him what he has paid.
> This is the *actio mandati contratia*, if the engagement was made with the knowledge and approbation of the principal debtor: for the consent includes a tactic contract of mandate, according to the rule of law, *semper qui non prohibet pro se intervenire mandare creditur, L. 60. Ff. De. R.J.* If the surety is obliged for the principal debtor without his knowledge, he cannot have an action *mandati* against him, but an action *contraria negotiorum gestorum*, which has the same effect." [Excerpt 4]
>
> " Where one hypothecatory creditor, to strenghten his right of hypothecation, pays to another what is due to him by the common debtor, such creditor has no need of acquiring a subrogation; he is subrogated *pleno jure* to the credit he has discharged, and to the hypothecations and rights which depend on it, *L. 4. (a) Cod. de his qui in prior:* it is evident, that he only paid for the sake of acquiring the subrogation. With regard to a third person in possession of an estate, who, to avoid a process, has paid the debt for which his estate was hypothecated; if, upon paying, he fails to require a subrogation to the rights of the creditor, he will not indeed be subrogated to all the rights of the creditor; but he may at least, according to our usages, exercise them upon this estate against all the other creditors, posterior to him whom he has paid; for, in liberating the estate from the hypothecation, *meliorem fecit in eo fundo cseterorum creditorum pignorus causam*, and he may therefore *per exceptionem doli* retain against them what he has paid in discharge of the hypothecation; good faith does not allow them to profit at his expense; *dalo fuciuni si velint ejus domino locuplciari*: this case is similar to that in which the possessor of an estate subject to hypothecation, has laid out money in improvements." [Excerpt 5]
>
> "Payment by any person to a creditor, with subrogation to his rights and actions, is considered not so much a payment as a sale, which the creditor is supposed to make of his credit, and all of the rights depending upon it, to the person from whom he receives the money; *nan in soluium accepit, sed quodam modo nomen debitoris vendidit, d. L*; therefore, the credit thus discharged, is deemed still to subsist with all the rights which depend upon it, in favour of the person who is subrogated; he may exercise them as the creditor to whom he is regarded as procurator *in rem suam* might have done." [Excerpt 6]
>
> *A TREATISE ON THE LAW OF OBLIGATIONS, OR CONTRACTS, VOLUME 1*
> by Robert Joseph Pothier

" SUBROGATION, or SURROGATION, in the civil law, the act of substituting a person in the place, and installing him to the rights, of another. In its general sense, subrogation implies a succession of any kind, whether of a person to a person or of a person to a thing. There are two kinds of subrogation: the one conventional, the other legal. Conventional subrogation is a contract whereby a creditor transfers his debt, with all appurtenances thereof, by the profit of a third person. Legal subrogation is that which the law makes in favour of a person who discharges an antecedent creditor: to which case there is a legal transfer of all rights of the ancient creditor to the person of the new one."

*PANTOLOGIA: A NEW CYCLOPAEDIA, COMPREHENDING A COMPLETE SERIES OF ESSAYS*
by John Mason Good & Olinthus Gregory & Newton Bosworth

"The doctrine of subrogation has been applied freely in West Virginia, and to its full extent, upon the general principles of equity without the aid of any statute: and having taken this correct view in the beginning, there has so far (1894) never been any need of a statute to correct any misstep in improper restraint of its application upon the supposition that a debt once paid must thereafter be treated as nonexistent under all circumstances, and to all intents, and for all purposes. *Hawker v. Moore 40 W. Va. 49, 20 S. E. 848.*" [Excerpt 1]

"The extent to which subrogation may be decreed, said the supreme court of Wisconsin, has been a matter of some conflict between the courts of this country and of England. It was formerly held in England, following the Roman law, that a surety subrogated to the rights of a creditor had precisely the same rights the creditor had., and stood in his place: but in later times the rule has been restricted in that country, and the right of subrogation extended only to securities other than the obligation or instrument which is the evidence of the debt. Thus, if the debt be evidenced by a bond, payment by one of the two sureties of the whole debt cancels the bond, or, if it be upon a judgment, such payment cancels the judgment, and the surety so paying becomes a mere general creditor of his cosurety, to whose demand none of the peculiar incidents of a debt upon specialty or judgment adheres. The courts of this country, however, have very generally adhered to the ancient rule, and hold that, although the lien of obligation be extinguished at law by the payment of the debt, yet, for the benefit of the surety, it continues in equity in full force. This is believed to be the more just and reasonable rule. The cases which illustrate the above propositions are very numerous in both countries." *Mason v. Plerron. 63 Wis. 239.023 N.W.* [Excerpt 2]

*LAWYERS' REPORTS ANNOTATED, VOLUMES 67-68*